On consideration of the petition, the court granted a rehearing, and afterwards delivered the following opinion, io-wil:
June 28.
Judge Undeewood,
delivered the opinion of the court.
Upon reconsidering this cause, we deem it proper so far to modify the opinion heretofore delivered, as to decide explicitly, a point, which in the conclusion was left open, and likewise to give some further explanation of parts of the opinion which might be regarded as ambiguous. By praying the appeal, and the same having been granted by the circuit-court, with the assent of the complainant, we think that the power of the circuit court over the cause, thereupon ceased, and no further step could be taken until the appeal was disposed of by the court of appeals. This could only be done in one of three ways, by an affirmance, or a reversal, or a dismissal. If it *367 had been done by either of the two first mentioned modes, then the merits of the controversy would, in all probability, have been finally settled by the decision of the court of appeals; but as the appeal was merely dismissed for want of prosecution, nothing in relation to the merits of the cause was settled by the appellate court, and the case then stood in the circuit court upon the interlocuorty decree therein rendered. The agreement of the parties to render the interlocutory decree final, was with a view to have the merits of the controversy settled by this court. They had failed to obtain the contemplated adjudication, owing to the dismissal for want of prosecution. The case differs from that of Jameson, &c. vs. Mosely, in as much as in that this court decided the merits of the controversy, and here it has not been done.
Where an ap-S?e,al fr0I“ an decreehasf by consent, í*ee“ granted, ^ dismissed for want of prosecution, °tí to the inferior court,stands a^i ha/ever' been granted*
Upon the dismissal of the appeal, therefore, in this ease, we think the circuit court was placed in relation to the cause in the condition it would have occupied had no appeal been taken, with this exception, that its powers were suspended so long as the appeal remained in force, and.consequently, the circurt court had no power to act, until the mandate of this court, dismissing the appeal, was entered of record. Itfol-lows, that the order setting aside the interlocutory decree and receiving the supplemental answer was, even if good cause for doing it had been made out, unauthorized by law. Whether the defendants, after the mandate of this court dismissing the appeal, was entered, could make out a case sufficiently strong to warrant the circuit court in setting aside the interlocutory decree, is not before us. Regarding, as we do, all the proceedings of the circuit court taken after rendering the interlocutory decree, and before the mandate of this court, dismissing the appeal, was entered of record, to be void, we think it proper to reverse the decree of the circuit court, and remand the cause to be placed upon its return, in the situation it would have stood in had no appeal been prayed. It may be said, that as the circuit court thereafter dismissed the bill, we ought now to adjudicate upon the' merits of the controversy, looking to the preparation of the cause for trial, as it stood when the interlocutory decree was. rendered. We will not do this, because the final decree has been rendered contrary to *368 the interlocutory decree, which the court below had no authority to set aside when it attempted to do so, and because the final decree may have been influenced by the erroneous proceedings of the court, and because we will not say that Boone and Talbot may not yet shew sufficient cause for opening the interlocutory decree.
It results from the foregoing view of the case, as this court has never decided the rights of the parties, and as the parties will be left by the reversal,now? to take place, in the situation in which the interlocutory decree placed them, that Boone and Talbot as well as Helm, upon the final disposition of the cause* may prosecute an appeal or writ of error to this court, and thereby bring up the merits of the controversy.
The difficulties which have arisen in this cause, have grown out of an agreement to make an interlocutory decree final, with a view to obtain a decision of this court, and thereafter failing to execute the agreement according to its spirit.
With this modification of the formef opinion, the same must remain.